**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                            Case No. 3:14-cr-148-J-34MCR

DESHORIE EVADNE GRANT.

_____/

### ORDER

**THIS CAUSE** is before the Court on the Government's Motion for Involuntary Medication and Request for Sell Hearing (Doc. 55; Motion), filed on June 12, 2015. On August 3, 2015, the Honorable Monte C. Richardson, United States Magistrate Judge, conducted an evidentiary hearing pursuant to Sell v. United States, 539 U.S. 166 (2003). See Clerk's Minutes (Doc. 79); Transcript of Proceedings (Doc. 84; Transcript). On August 27, 2015, the Magistrate Judge entered a Report and Recommendation (Doc. 86; Report) recommending that the Court deny the Government's Motion to involuntarily medicate Defendant Deshorie Grant based on his finding that the Government had failed to establish an important interest at stake. The Government filed the Government's Objection to Report and Recommendation (Doc. 87; Objections) on September 9, 2015, and Grant filed her Response in Opposition to Government's Objection (Doc. 88; Response to Objections) on September 10, 2015. Accordingly, this matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28

U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[3] the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate judge's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270–71 (1976)).

The Government filed specific objections to the Magistrate Judge's Report. See generally Objections. Upon independent review of the file, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge as set forth below.

In adopting the resolution recommended by the Magistrate Judge, the Court makes the following observations. The Government objected to the Magistrate Judge's finding that the duration of Grant's pretrial detention (more than 11 months at the time of the Report; now more than 13 months) substantially diminishes the United States' interest in prosecuting Grant, arguing that her detention thus far has resulted from her incompetency and the need to treat her and not from any lack of diligence on its part. Objections at 6. The Court agrees. Indeed, the Court finds no suggestion of lack of diligence or dilatoriness on the part of the Government. Nevertheless, despite the Government's diligence, Grant's pretrial detention is now squarely in the middle of her likely guidelines range of 10 to 16 months. See Transcript at 96–97. Moreover, based on the Government experts' estimates, the additional time necessary to return Grant to competence and then conclude this action would require at least an additional 6 months, leaving Grant in custody some 20 months—double the low end of her guidelines range—before even reaching a possible adjudication of guilt. Regardless of the prosecutorial diligence, the Court is convinced that the lengthy pretrial detention diminishes the United States' interest in continuing this prosecution at this point.

Additionally, the Court makes one slight modification to the Magistrate Judge's conclusions. The Magistrate Judge found that "the dearth of information regarding the Defendant's medical condition" is a special circumstance that lessens the Government's interest in prosecuting Grant. Report at 19. He observed that, in opining that involuntary medication was substantially likely to render Grant competent, the Government's experts relied exclusively on a study by Drs. Bryon Herbel and Hans Stelmach—psychiatrists at the Federal Medical Center in Butner, North Carolina—titled, Involuntary Medication Treatment for Competency Restoration of 22 Defendants with Delusional Disorder, 35 J. Am. Acad. Psychiatry L. 47 (2007) ("Herbel study"), which found that 17 of 22 inmates diagnosed with delusional disorder were restored to competency after involuntary administration of psychotropic medication. Report at 5–6, 19–20. The Magistrate Judge found that the study has several flaws undermining the Government's experts' reliance on it, including the authors' recognition that the study is vulnerable to "bias[ ] in favor of finding a positive response to treatment" and the fact that none of the subjects in the study were female. Id. at 19–20. Other Courts have discussed the limitations of the Herbel study based on competing evidence presented in those cases. See, e.g., United States v. Watson, 793 F.3d 416, 426 (4th Cir. 2015); United States v. Ruiz-Gaxiola, 623 F.3d 684, 697–700 (9th Cir. 2010); United States v. White, 620 F.3d 401, 420–21 (4th Cir. 2010); but see United States v. Curtis, 749 F.3d 732, 736–37 (8th Cir. 2014) (acknowledging Ninth Circuit's criticism of Herbel study in Ruiz-Gaxiola but finding no clear error in district court's decision to credit government expert who relied in part on the study); United States v. Decoteau, 857 F. Supp. 2d 295, 304–05 (E.D.N.Y. 2012) (distinguishing Ruiz-Gaxiola

and White; declining to adopt criticisms of Herbel study). Although the Court acknowledges the potential shortcomings of the Herbel study outlined in the Report, as well as the testimony by Grant's expert, Dr. Robyn Cohen, stating that case studies in general are "less rigorous" studies whose findings "are just not as strong" as more structured studies that are double-blind and/or placebo-controlled, see Transcript at 67, 70–71, the Court is not in a position to determine that those shortcomings constitute a special circumstance undermining the Government's interest in prosecuting Grant based on the record before it. The Court therefore declines to address that issue. In any event, the other circumstances that the Magistrate Judge identifies—the length of Grant's pretrial detention in relation to her likely guidelines range, the nature of the alleged offenses, and minimal public-safety concerns, see Report at 14–19—are sufficient on their own to support the Magistrate Judge's finding that the Government failed to establish an important interest warranting involuntary medication.

Accordingly, it is hereby

**ORDERED:**

1. The objections set forth in the Government's Objection to Report and Recommendation (Doc. 87) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 86), as modified herein, is **ADOPTED** as the opinion of the Court.

3. The Government's Motion for Involuntary Medication and Request for <u>Sell</u> Hearing (Doc. 55) is **DENIED** to the extent that it seeks an order directing that Grant be involuntarily medicated.[4]

4. The Court will hold a status conference on **November 16, 2015**, at **11:00 a.m.** to discuss the appropriate procedure going forward and directs counsel for both parties to review 18 U.S.C. § 4241(d) in preparation for the conference. The Court cancels the status conference currently scheduled for November 16, 2015, at 3:00 p.m.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc21

Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record

---

[4] As Grant observes, in conducting the <u>Sell</u> hearing, the Magistrate Judge implicitly granted the Motion in part to the extent that it requested the hearing. <u>See</u> Response to Objections at 1 n.1. The Court does not disturb the Magistrate Judge's implicit ruling on that request.